UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Meggan Hill,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Cameron's Coffee and Distribution Company,<br><br>　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Meggan Hill ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Cameron's Coffee and Distribution Company ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of a White Russian cocktail and bottle of Kahlúa rum & coffee liqueur (the "*Photograph*") in which Plaintiff owns the rights.

3. Defendant is a national producer and distributor of specialty grade coffee.

4. Defendant owns and operates a social media account on www.instagram.com known as @cameronscoffee (the "*Account*").

5. Defendant owns and operates a website located at www.cameronscoffee.com (the "*Website*").

6. Defendant uses the Account and Website to advertise and sell its specialty coffee products and merchandise.

7. Defendant, without permission or authorization from Plaintiff, actively

1

copied and displayed the Photograph on the Account and Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Meggan Hill is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

9. Upon information and belief, defendant Cameron's Coffee and Distribution Company, is a Minnesota corporation with a principal place of business at 5700 12th Avenue, Shakopee in Scott County, Minnesota.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Minnesota.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

13. Plaintiff is a classically-trained chef and professional writer with an online culinary publication located at www.culinaryhill.com.

14. Plaintiff is the legal and rightful owner of certain photographs which Plaintiff utilizes for her publication.

15. Plaintiff has invested significant time and money in building Plaintiff's culinary photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

2

17.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18.     On August 1, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

19.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20.     On June 2, 2023, the Photograph was registered by the USCO under Registration No. VA2 373 882.

21.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     <u>Defendant's Infringing Activity</u>**

22.     Defendant is the registered owner of the Website and is responsible for its content.

23.     Defendant is the operator of the Website and is responsible for its content.

24.     Defendant is the operator of the Account and is responsible for its content.

25.     The Account is a key component of Defendant's popular and lucrative commercial enterprise.

26.     Defendant uses the Account to direct traffic to its commercial website.

27.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30. On or about January 5, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Account as part of an on-line post at URL: https://www.instagram.com/p/C1u5Om3SOC4/ ("*Infringement #1*"). A copy of a screengrab depicting Infringement #1 is attached hereto as Exhibit 2.

31. Defendant further copied and displayed the Photograph on the Website as part of an article at URL: https://www.cameronscoffee.com/blog/top-3-best-non-alcoholic-coffee-drinks/ ("*Infringement #2*") (Infringement #1 and Infringement #2 are collectively referred to as the "*Infringements*"). A copy of a screengrab depicting Infringement #2 is attached hereto as Exhibit 2.

32. The Infringements are cropped but identical copies of Plaintiff's original image that were directly copied and displayed by Defendant on the Website and Account.

33. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

34. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

36. Upon information and belief, the Photograph was willfully and volitionally posted to the Website and Account by Defendant.

4

37. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

38. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

39. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Account and exercised and/or had the right and ability to exercise such right.

40. Upon information and belief, Defendant monitors the content on its Website and Account.

41. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

42. Upon information and belief, the Infringements increased traffic to the Website and Account and, in turn, caused Defendant to realize an increase its business revenue.

43. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and Account.

44. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

45. Defendant's use of the Photograph harmed the actual market for the Photograph.

46. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

47. On or about October 17, 2024 and November 18, 2024, Plaintiff, via counsel, served letters seeking to address the complaints contained herein concerning Defendant's

5

infringement of Plaintiff's rights-protected work.

48. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

49. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

53. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

57. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

61. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. §

504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 4, 2025

Respectfully submitted,

*/s/ DeAijha Oliver*
DeAijha Oliver, Esq.
Minnesota Attorney ID No.: 0403070
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (502) 681-4380
Email: dqperr01@gmail.com


**SANDERS LAW GROUP**

*/s/ Renee J. Aragona*
Renee J. Aragona, Esq.
New York Attorney ID No.: 4980595
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 130939
*Pro Hac Vice Motion Forthcoming*

*Attorneys for Plaintiff*